N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CYNTHIA M. TRAYLOR                                                                    PLAINTIFF

vs.                                       Civil No. 1:12-cv-01022

MICHAEL J. ASTRUE                                                                     DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Cynthia M. Traylor ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability application on January 15, 2010.  (Tr. 13, 117-120). Plaintiff alleges being disabled due to headaches, right eye blindness, and poor vision in her left eye. (Tr. 129).  At the administrative hearing in this matter, Plaintiff also alleged being disabled due to bipolar disorder and schizophrenia.  (Tr. 36-37).  Plaintiff alleges an onset date of October 1, 2008. (Tr. 117).  This application was denied initially and again upon reconsideration.  (Tr. 49-52).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 73-82). An administrative hearing was held on September 13, 2010 in Little Rock, Arkansas. (Tr. 27-48). At the administrative hearing, Plaintiff was present and was represented by Denver Thornton. *Id.* Plaintiff and Vocational Expert ("VE") Mac Welch testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c). (Tr. 30). Plaintiff also testified at this hearing that she had obtained her GED but had received no additional education. *Id.*

On October 28, 2010, subsequent to the hearing, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 10-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 15, 2010, her application date. (Tr. 15, Finding 1). The ALJ determined Plaintiff had the following severe impairments: bipolar disorder, schizophrenia, and right eye blindness. (Tr. 15, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-17, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 17-20, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she does not have vision in her right eye and her vision is 20/20 out of the left eye. In addition, she is only able to perform in a work setting where interpersonal contact would be incidental, the complexity of the task is learned and performed by rote, few variables, little judgment and the supervision required is simple, direct and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20-21, Finding 5). The VE testified at the administrative hearing regarding this issue. (Tr. 20, 44-48). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform her PRW as a poultry dresser. (Tr. 20-21, Finding 5). Such an occupation is characterized as being unskilled, light work. (Tr. 20). Further, in addition to being able to perform her PRW, the ALJ also determined Plaintiff was capable of performing other work existing in significant numbers in the national economy. (Tr. 20-21, Finding 5). The VE also testified at the administrative hearing regarding this issue. (Tr. 21, 44-48). Specifically, the VE testified that with Plaintiff's limitations, a hypothetical person would be able to perform work as a motel maid (unskilled, light) with 4,000 such jobs in the State of Arkansas, 82,000 such jobs in the region, and 400,000 such jobs in the nation. (Tr. 21). Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from January 15, 2010 (her application date) through October 28, 2010 (ALJ's decision date). (Tr. 21, Finding 6).

On November 8, 2010, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7-8). On February 18, 2012, the Appeals Council declined to review this disability determination. (Tr. 1-3). On March 8, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 22, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7, 9. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged

in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In her appeal brief, Plaintiff raises seven arguments for reversal: (1) the ALJ erred by finding her impairments did not meet the requirements of Listings 12.03 (schizophrenia, paranoia, and other psychotic disorders), 12.04 (affective disorder), and 12.08 (personality disorder); (2) the ALJ improperly evaluated the opinion evidence contained in the record; (3) the ALJ conducted an improper *Polaski* evaluation; (4) the ALJ did not consider all of her impairments; (5) the ALJ provided an improper hypothetical to the VE; and (6) the ALJ incorrectly determined she retained the capacity to perform her PRW as a poultry dresser. Because the ALJ erred by failing to fully evaluate her Global Assessment of Functioning ("GAF") scores of 50 and below, this Court finds Plaintiff's case must be reversed and remanded.

In social security cases, it is important for an ALJ to evaluate a claimant's GAF score or scores in determining whether that claimant is disabled due to a mental impairment. GAF scores range from

0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held GAF scores must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

In the present action, Plaintiff was treated at the Southern Arkansas Regional Health Center in Camden, Arkansas from April 29, 2010 through May 10, 2011. (Tr. 225-269). During that treatment, Plaintiff was assessed as having a GAF score of 40 on April 29, 2010 (Tr. 231), a GAF score of 42 on May 5, 2010 (Tr. 240), a GAF score of 49 on December 8, 2010 (Tr. 261), and a GAF score of 48 on February 23, 2011 (Tr. 265). These GAF scores of 50 and below are also consistent

with Plaintiff's testimony regarding her alleged mental impairments. During the administrative hearing in this matter, Plaintiff testified regarding the impact her bipolar disorder and schizophrenia have on her daily activities. (Tr. 36-37). She state the following: "But when I'm up high I'm hyped up to the point that people think something's wrong with me and even when I do fall down low I go into a state of depression. He says that I'm never on a normal level as a normal person should be." *Id.* As noted by the ALJ, Plaintiff also suffers from anger, anxiety, paranoia, delusions, and visual hallucinations. (Tr. 15). The ALJ noted Plaintiff "reports tactile hallucinations of bugs that she feels are crawling on her, on her children, on the furniture and on clothing." *Id.* The ALJ noted Plaintiff had "thrown out furniture and clothing in the past due to bugs and she also reported that she has bathed her children in bleach and ammonia to kill the bugs." *Id.*

In his opinion, the ALJ completely ignored these GAF scores. (Tr. 15-20). As noted above, a GAF score of 50 and below indicates a severe mental impairment. In this case, there are four scores below 50. (Tr. 231, 240, 261, and 265). Because the ALJ was required to evaluate and provide a reason for discounting these low GAF scores but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue. *See Pates-Fires,* 564 F.3d at 944-45.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of February 2013.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE